Daniel T. Quinn
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 276-5727
Fax: (907) 276-2953
dquinn@richmondquinn.com

U.S. DISTRICT COURT

FOR THE STATE OF ALASKA

| | |
|---|---|
| PROGRESSIVE DIRECT INSURANCE COMPANY, an Ohio Corporation,<br><br>     Plaintiff,<br><br>  v.<br><br>AUSTIN SACKINGER and PETER SAUNDERS,<br><br>     Defendants. | Case No. _____ |

## COMPLAINT FOR DECLARATORY RELIEF

COMES NOW plaintiff, Progressive Direct Insurance Company, by and through counsel, Richmond & Quinn, and for its complaint, alleges as follows:

### PARTIES AND JURISDICTION

1. At all times pertinent to this complaint, Progressive Direct Insurance Company ("Progressive") was authorized to conduct business in the State of Alaska. Progressive has fully complied with all statutory prerequisites for bringing this suit.

2. Upon information and belief, at all times pertinent to this complaint, defendants Austin Sackinger and Peter Saunders were residents of the state of Alaska.

3. In this action, Progressive seeks a determination that its auto policy issued to Brett E. Lane, and including his son, Bryant A. Boyd as a listed driver, does not extend to defendants Sackinger and Saunders. These defendants are being sued for an amount in excess of $100,000. Accordingly, this court has jurisdiction under 28 U.S.C. 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

## GENERAL ALLEGATIONS

4. On or about July 12, 2018, at or near Fairbanks Alaska, defendants were the sole occupants in possession of a 2018 Ford Escape owned by Seekins Ford Lincoln, and rented to Bryant Boyd.

5. This Ford Bronco was involved in an accident on that date, striking a vehicle driven by Samantha R. Ricciuto ("Ms. Ricciuto").

6. Ms. Ricciuto was insured by State Farm Mutual Automobile Insurance Company ("State Farm"), which paid benefits under its policy to Ms. Ricciuto for personal injury and property damages.

7. State Farm Mutual Automobile Insurance Company ("State Farm") has brought suit against Austin Sackinger ("Mr. Sackinger") and Peter Saunders ("Mr. Saunders") seeking recovery of amounts it paid for these losses, in excess of $116,053.33. A copy of State Farm's First Amended Complaint is attached as Exhibit A. The complaint

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5727
FACSIMILE (907) 276-2953

alleges that there is an apparent dispute regarding which of these two defendants was driving the vehicle which struck Ms. Ricciuto's vehicle.

8. Progressive issued an auto liability policy to Brett E Lane. A copy of Progressive's policy, including the declarations page, is attached as Exhibit B. Bryant E. Boyd is listed as a "driver and household resident" under this policy. The listed covered vehicle is a 2013 Ford Explorer.

9. The coverage period for this policy was February 16, 2018 through August 16, 2018, and which period included the July 12, 2018 accident date.

10. The Progressive policy provides liability coverage for damages owned by an "insured person": specifically, the insuring agreement provides:

> **TERMS: If you**, pay the premium for this coverage, **we**, will pay damages for **bodily injury** and **property damage** for which an **insured person** becomes legally responsible because of an accident.

11. For the purposes of liability coverage, the policy defines "insured person," in relevant part as follows:

> 1. **"Insured person"** means:
>    a. **you**, a **relative**, or a **rated resident** with respect to an accident arising out of the ownership, maintenance, or use of an **auto** or **trailer**;
>    b. any person with respect to an accident arising out of that person's use of a **covered auto** with the permission of **you**, a **"relative"** or a **rated resident**.

COMPLAINT
PROGRESSIVE DIRECT INS. CO. V. SACKINGER, ET AL, CASE NO. _____
Page 3 of 7

12. The policy defines "covered auto" as follows:

   5. **"Covered auto"** means:
      a. any **auto** or **trailer** shown on the **declarations page** for the coverages applicable to that **auto** or **trailer**;
      b. any **additional auto**;
      c. any **replacement auto**; or
      d. a **trailer** owned by **you**.

13. The policy defines "additional auto" as follows:

   1. **"Additional auto"** means an **auto you** become the owner of during the policy period that does not permanently replace an **auto** shown on the **declarations page** if:
      a. **we** insure all other **autos you** own;
      b. the **additional auto** is not covered by any other insurance policy;
      c. **you** notify **us** within 30 days of becoming the owner of the **additional auto**; and
      d. **you** pay any additional premium due.

14. The policy defines "replacement auto," in relevant part, as follows:

   12. **"Replacement auto"** means an **auto** that permanently replaces an **auto** shown on the **declarations page**. A **replacement auto** will have the same coverage as the **auto** it replaces if the **replacement auto** is not covered by any other insurance policy.

15. the policy defines "you" as follows:

   17. **"You"** and **"your"** mean:
      a. a person shown as a named insured on the **declarations page**; and
      b. the husband and wife of a named insured if residing in same household at the time of the loss.

16. The policy defines "relative" as follows:

> **11.** **"Relative"** means a person residing in the same household as **you,** and related to **you** by blood, marriage or adoption, and includes a ward, stepchild, or foster child. **Your** unmarried dependent children temporarily away from home will qualify as a **relative** if they intend to continue to reside in **your** household.

17. The policy defines "rated resident" as follows:

> **10.** **"Rated resident"** means a person residing in the same household as **you** at the time of the loss who is not a **relative**, but only if that person is both:
> a. listed in the "Drivers and household residents" section of the **declarations page**; and
> b. not designated as either "Excluded" or a "List Only" driver.

18. Neither defendant Sackinger nor defendant Saunders are relatives of either Brent Lane or Bryant Lane, as defined by the Progressive policy.

19. Neither defendant Sackinger nor defendant Saunders qualify as an "insured person" under the Progressive policy because they are not listed on the policy, nor do they qualify as a relative or rated resident as defined in the policy.

20. Moreover, the 2018 Ford Escape, rented from Seekins Ford Lincoln, does not qualify as a "covered auto" under the Progressive policy because it is not listed on the declarations page; it is not an "additional auto" as defined in the Progressive policy requiring, inter alia, that the Progressive policyholder, "become the owner of the vehicle"; nor does it qualify as a "replacement auto," which requires that it permanently replace the auto shown on the declarations page.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953

21. Defendants Sackinger and Saunders do not qualify for coverage under the Progressive policy arising out of the State Farm suit against them because neither are an "insured person" within the definition of the Progressive policy for the subject accident.

22. Additionally, defendants Sackinger and Saunders do not qualify for coverage under the Progressive policy because the accident vehicle which they occupied, the 2018 Ford Escape, was not a "covered auto" as in the meaning of the Progressive policy.

## **CLAIM FOR DECLARATORY RELIEF**

23. Progressive incorporates by reference all allegations in paragraphs 1 through 22.

24. Under Alaska law and the provisions of the Progressive policy, Progressive owes no coverage obligations, including a defense or indemnification, to the defendants for any claims against them arising out of the subject accident, including any claims asserted by State Farm or others related to damages flowing from said accident. See AS 22.10.020(g) and 28 U.S.C.A. 2201(a).

WHEREFORE, plaintiff prays for the following:

1. A judgment declaring that Progressive owes no obligation to either Defendant, for defense, indemnity, or otherwise with regard to any claims against them arising out of the subject accident, including the claims asserted against them by State Farm in its complaint (Exhibit A).

2. For allowable costs and attorney's fees incurred in bringing this action.

COMPLAINT
PROGRESSIVE DIRECT INS. CO. V. SACKINGER, ET AL, CASE NO. _____
Page 6 of 7

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953

3. For such other relief as this court deems just.

DATED this 4th day of March, 2020, at Anchorage, Alaska.

RICHMOND & QUINN
Attorneys for Plaintiff

By: s/ Daniel T. Quinn
Daniel T. Quinn
Alaska Bar No. 8211141

I:\1038\685\PLD\Complaint.docx

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953

COMPLAINT
PROGRESSIVE DIRECT INS. CO. V. SACKINGER, ET AL, CASE NO. _____
Page 7 of 7

Case 3:20-cv-00054-SLG   Document 1   Filed 03/05/20   Page 7 of 7